# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JESS C. ARNDELL and SUZANNE K. ARNDELL,

       Plaintiffs,

    v.

ROBISON, BELAUSTEGUI, SHARP & LOW, et al.,

       Defendants.

3:11-cv-469-RCJ-VPC

**ORDER**

Currently before the Court are Defendants' Motion for Attorneys' Fees and Costs (#28) and Defendants' Bill of Costs (#29).

## BACKGROUND

In July 2011, then *pro se* Plaintiffs Jess C. Arndell ("Arndell") and Suzanne K. Arndell (collectively "Plaintiffs") filed a complaint against Defendants Robison, Belaustegui, Sharp & Low; Kent R. Robison; Thomas L. Belaustegui; F. DeArmond Sharp; Keegan G. Low; and Mark G. Simons (collectively "Defendants") in this Court based on diversity jurisdiction. (Compl. (#1) at 1-3). Plaintiffs asserted ten separate claims[1] against Defendants all of which stemmed from general allegations that Defendants committed legal malpractice in the course of representing Plaintiffs. (*See* Compl. (#1) at 3-20). In response, Defendants filed a Motion to Dismiss or, in the Alternative, Motion to Strike Plaintiffs' Duplicative Claims. (*See* Mot. to

---

[1] These claims included: (1) breach of fiduciary duty, (2) common law negligence, lack of skill and diligence, and failure to use reasonable skill and diligence, (3) self-dealing, (4) misrepresentation, (5) undue influence, (6) fraud, (7) intentional harm, willful neglect, and unethical conduct due to Defendants' refusal to communicate with Plaintiffs, and provide requested documents and an accounting, (8) abandonment, (9) settling litigation without clients' authority, and (10) exemplary damages. (Compl. (#1) at 10-20).

1  Dismiss/Strike (#8)). That motion sought to consolidate all ten counts in Plaintiffs' complaint
2  into a single legal malpractice claim. (*Id.* at 5-7). The Court agreed with Defendants and
3  ordered Plaintiffs to file an amended complaint which consolidated all substantive claims into
4  one omnibus legal malpractice claim. (Order (#15) at 5-6). The Court also ordered Plaintiffs
5  to plead exemplary damages as relief sought and not as a separate cause of action. (*Id.* at
6  5).

7      Plaintiffs subsequently amended their complaint and filed it with the Court on May 30,
8  2012.[2] (*See* Am. Compl. (#16)). The amended complaint alleged three causes of action: (1)
9  legal malpractice; (2) legal malpractice with a request for accounting, and (3) exemplary
10 damages. (*See id.* at 9-15). On June 13, 2012, Defendants filed their Motion to Dismiss
11 Based Upon NRS § 11.207 and argued that the relevant statute of limitations barred Plaintiffs'
12 claims. (Mot. to Dismiss (#17) at 2-3). In September 2012, this Court found that the statutes
13 of limitations likely expired on February 26, 2005 and indisputably expired on February 26,
14 2007 pursuant to NRS § 11.207(1) and Nevada common law. (Order (#26) at 9). The Court
15 also found that Plaintiffs failed to plead facts to toll the statute of limitations for periods of
16 concealment. (*Id.*). The Court found that Plaintiffs only satisfied one of the two prongs for
17 concealment. (*Id.* at 9-10). The Court dismissed Plaintiffs' legal malpractice claim with
18 prejudice because the claim was time-barred by Nevada law. (*Id.* at 10). The Court also
19 dismissed counts two and three of the amended complaint, without leave to amend, because
20 those counts failed to comply with the Court's earlier order and failed to state a claim. (*Id.* at
21 11).

22     The pending motions now follow.

23                               **DISCUSSION**

24     Defendants file a motion for attorneys' fees and costs pursuant to NRS § 18.010(2)(b).
25 (Mot. for Fees (#28) at 1-2). Defendants argue that Plaintiffs' legal malpractice claim "was
26

27
28     [2] The amended complaint submitted on May 30, 2012 was not properly scanned and several pages were missing from the document. A corrected image of the amended complaint was later filed on June 27, 2012. (Notice of Corrected Image/Document (#19)).

2

1 brought and maintained without reasonable ground and to harass Defendants because it was
2 well outside the statute of limitations." (*Id.* at 2).  Defendants also contend that it has provided
3 the information required pursuant to Local Rule 54-16.  (*Id.* at 4-9).

4       In response, Plaintiffs argue that a finding that their claims are unmeritorious does not
5 deem their claims groundless or unreasonably raised.  (Opp'n to Mot. for Fees (#37) at 3-4).
6       Defendants filed a reply.  (Reply to Mot. for Fees (#38)).
7       Nevada Revised Statute 18.010(2)(b) provides that, in addition to the cases where an
8 allowance is authorized by specific statute, a court may make an allowance of attorneys' fees
9 to a prevailing party "when the court finds that the claim . . . of the opposing party was brought
10 or maintained without reasonable ground or to harass the prevailing party."  Nev. Rev. Stat.
11 § 18.010(2)(b).  The statute provides that "[t]he court shall liberally construe the provisions of
12 this paragraph in favor of awarding attorney's fees in all appropriate situations" and that the
13 intent of the Nevada Legislature is that the court award attorneys' fees and impose Rule 11
14 sanctions in all appropriate situations.  *Id.*  The Nevada Supreme Court has held that to
15 support an award under NRS § 18.010(2)(b), there must be evidence in the record supporting
16 the proposition that the complaint was brought without reasonable grounds or to harass the
17 other party.  *Kahn v. Morse & Mowbray*, 117 P.3d 227, 238 (Nev. 2005).

18       In this case, the Court denies the motion for attorneys' fees.  The Court finds no
19 evidence in the record to support the notion that Plaintiffs brought the lawsuit to harass
20 Defendants.  The Court also finds that Plaintiffs did not bring the lawsuit without reasonable
21 grounds because Plaintiffs, who at the time were *pro se*, filed a legal malpractice claim against
22 Defendants for having a serious conflict of interest and for using undue influence while self-
23 dealing in a settlement conference.  The Court finds that Plaintiffs, when counseled, did not
24 maintain the lawsuit without reasonable grounds because Plaintiffs attempted, albeit
25 unsuccessfully, to provide facts to support tolling of the statute of limitations based on
26 concealment.  This Court found that Plaintiffs had sufficiently pled the first element of
27 concealment in the amended complaint, but not the second.  As such, the Court denies the
28 motion for attorneys' fees (#28).

Even if this Court were to find that attorneys' fees were appropriate under NRS § 18.010, the Court would deny the amount sought in its entirety. Pursuant to Federal Rule of Civil Procedure 54(d)(2), a claim for attorneys' fees and related nontaxable expenses must be made by motion. Fed. R. Civ. P. 54(d)(2)(A). The federal rules permit district courts to make local rules to establish special procedures to resolve fee-related issues without extensive evidentiary hearings. Fed. R. Civ. P. 54(d)(2)(D). Nevada Local Rule 54-16 states that a motion for attorneys' fees must include a "reasonable itemization and description of the work performed." Nev. Loc. R. 54-16(b)(1). In this case, Defendants have submitted exhibits of the employees who worked on the case, the hourly rate of those employees, the hours billed by those employees, and the amounts billed for those employees. (*See* Garin Decl. (#28-5) at 3). However, Defendants have redacted <u>every</u> description of the work performed by those employees. (*See id.* at 6-19). As such, the Court cannot evaluate whether the fees sought in this case are reasonable because the Court is unable to view what work Defendants performed.

The Court also denies Defendants' Bill of Costs (#29) at this time. Defendants seek $57.60 in costs for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. (Bill of Costs (#29) at 1). Defendants' supporting documentation contains redacted entries for the work performed. (*See* Time Entries (#30-1) at 2-10). A review of the unredacted information demonstrates that Defendants spent $9.70, $3.70, and $5.10 for copies on December 30, 2011, March 31, 2012, and June 29, 2012 respectively. (*Id.* at 4-5, 10). This amount equals $18.50 for copies. The Court does not know where Defendants' request for $57.60 in costs come from. As such, the Court denies Defendants' Bill of Costs (#29) at this time. The Court directs Defendants to refile their Bill of Costs with a clearer description of what they seek costs for.

///
///
///
///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendants' Motion for Attorneys' Fees and Costs (#28) is DENIED.

IT IS FURTHER ORDERED that Defendants' Bill of Costs (#29) is DENIED at this time. Defendants have 10 days from the date of this order to refile their Bill of Costs with a clearer description of what they seek costs for.

Dated this 14th day of March, 2013.

_____
United States District Judge